UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 13-01766 DMG (AJWx) | Date | March 25, 2013 |
|---|---|---|---|

| Title | *The Bank of New York Mellon v. Diana Moussaoui, et al.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On August 19, 2012, Plaintiff Bank of New York Mellon ("BNYM") filed a Complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Diana Moussaoui. [Doc. # 1, Ex. A]. Defendant filed a Notice of Removal on March 12, 2013, arguing that the unlawful detainer action was carried out in violation of 12 U.S.C. § 5220, and thus that this Court has federal question jurisdiction. [Doc. #1]. The Complaint, however, raises no federal question.[1] Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). Additionally, it appears that removal was untimely because Defendant waited more than 30 days to file the Notice of Removal. *See* 28 U.S.C. § 1446(b).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

Because Defendant has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] Defendant has only attached pages 1, 3, and 5 of the complaint, so it is impossible to state with certainty what is missing, but the Notice of Removal does not indicate the existence of a federal question and the burden of proving jurisdiction is on the removing party.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|